IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| MEKUS SAMUEL,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>NORTH WEST COMPANY (INTERNATIONAL), INC. d/b/a COST US LESS, INC. AND SUCCESSOR TO COST U LESS, INC.<br><br>　　　　　　　　　Defendants. | Civil No. 13-CV-0031<br><br>ACTION FOR DAMAGES<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO AMENDED COMPLAINT

COMES NOW Defendant, by and through the undersigned attorney, and answers Plaintiff's complaint as follows:

1. Defendant admits that the Court appears to have subject matter jurisdiction of this matter.

2. Defendant admits that the Court appears to have jurisdiction of this matter.

3. Defendant admits that Cost-U-Less Inc. was incorporated in Washington with its principal place of business in Bellevue, Washington and then merged with North West Company (International) Inc. in December of 2008 but denies the remainder of the allegations in paragraph 3.

4. Defendant admits that Cost-U-Less Inc. was purchased by The North West Company (International) Inc. which is incorporated in Delaware but denies the remainder of the allegations in paragraph 4.

*Mekus Samuel v. North West Company* Civil No. 13-CV- 0031
North West Company's Answer to Amended Complaint
Page 2

5. Defendant denies the allegation in paragraph 5.

6. Defendant admits that Plaintiff Mekus Samuel is a black male who was over the age of forty (40) on the date he was terminated and a resident of the Virgin Islands, denies that Plaintiff was over the age of 40 at the time of all of his allegations in the complaint and lacks knowledge as to whether or not he is West Indian.

7. Defendant admits that Plaintiff was hired by Cost-U-Less on January 3, 2002 and began his employment on January 15, 2002 as the Receiving Manager for the St. Maarten store and lacks knowledge as to the remainder of the allegations in paragraph 7 which are therefore denied.

8. Defendant lacks knowledge as to the allegations in paragraph 8 which are therefore denied.

9. Defendant denies that Plaintiff was not given the appropriate additional pay for the additional work but lacks knowledge of the remainder of the allegations in paragraph 9 which are therefore denied.

10. Defendant denies that Plaintiff was not given the appropriate pay that the white workers were paid but lacks knowledge of the remainder of the allegations in paragraph 10 which are therefore denied.

11. Defendant denies that Plaintiff was not paid the same pay as the similarly situated white employee but lacks knowledge of the remainder of the allegations in paragraph 11 which are therefore denied.

*Mekus Samuel v. North West Company* Civil No. 13-CV- 0031
North West Company's Answer to Amended Complaint
Page 3

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant admits that in 2007 The North West Company purchased Cost-U-Less Inc. but denies the remainder of the allegations in paragraph 14.

15. Defendant admits that there were discussions between Plaintiff and Tom Kallio regarding Plaintiff's dissatisfaction with his pay but lacks knowledge of the remainder of the allegations in paragraph 15 which are therefore denied.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies that Plaintiff was paid far less than the white non West Indian store managers, admits that when appointed the Interim Store Manager Plaintiff received a ten percent (10%) raise but lacks knowledge of the remainder of the allegations in paragraph 18 which are therefore denied.

19. Defendant admits that Craig Gilpin, Chief Corporate Officer, made a store visit to the St. Croix store on or about September 29, 2011 - October 4, 2011 and that Plaintiff complained to him as to the length of time he had been an interim store manager, denies that Plaintiff complained to Craig Gilpin about discrimination or any discriminatory acts, and lacks knowledge as to the remainder of the allegations in paragraph 19 which are therefore denied.

20. Defendant admits that Gilpin agreed to look into Plaintiff's interim position but denies the remainder of the allegations in paragraph 20.

*Mekus Samuel v. North West Company* Civil No. 13-CV- 0031
North West Company's Answer to Amended Complaint
Page 4

21. Defendant lacks knowledge as to Plaintiff's knowledge and therefore this allegation in paragraph 21 is denied.

22. Defendant denies that the alleged failure to promptly appoint Plaintiff to the store manager position was the result of discrimination, admits that Tom Kallio told Plaintiff that he would be appointed the store manager effective February 2012, and lacks knowledge as to the remainder of the allegations in paragraph 22 which are therefore denied.

23. Defendant admits that in January of 2012 Charlie Hyde was terminated but denies the remainder of the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant admits that Plaintiff was appointed the Store Manager effective January 30, 2012.

26. Defendant admits that during the beginning of February 2012, Plaintiff traveled to a Corporate Management Meeting in Canada and saw Gilpin but denies the remainder of the allegation in paragraph 26.

27. Defendant admits that in early February of 2012 at the Wintering Partners Conference in Canada, Tom Kallio communicated to Plaintiff that he was appointed Store Manager, denies that Tom Kallio did so in a negative way and it was clear the he was not in favor of the decision, and admits that a letter dated February 3, 2012 from Tom Kallio confirming Plaintiff's appointment as Store Manager was provided to Plaintiff.

*Mekus Samuel v. North West Company* Civil No. 13-CV- 0031
North West Company's Answer to Amended Complaint
Page 5

28. Defendant admits that Plaintiff's annual salary upon his appointment to Store Manager was $75,000 but denies the remainder of the allegations in paragraph 28.

29. Defendant admits that Plaintiff complained to Kallio regarding being underpaid pay, denies that Plaintiff complained to Kallio about benefits, denies that Kallio falsely told Plaintiff that the salary was the standard amount allowed for the position and lacks knowledge as the remainder of the allegations in paragraph 29 which are therefore denied.

30. Defendant denies the allegations in paragraph 30.

31. Defendant admits that Dewayne Thomas was hired as an Assistant Store Manager in February of 2012 for the St. Croix store but lacks knowledge as the remainder of the allegations in paragraph 31 which are therefore denied.

32. Defendant admits that in or about February or March of 2012, an email was sent out by Rex Wilhelm inadvertently to store managers that was meant to go to the CEO but denies the remainder of the allegations in paragraph 32.

33. Defendant admits that typically in April or May annual raises are awarded if performance warrants it, admits that payment of Plaintiff's incremental increase for 2012 was delayed due to an administrative error, denies that Plaintiff was not fully paid for his incremental increase in 2012 and that denies that the delay in payment was as a result of discrimination.

34. Defendant lacks knowledge as to the allegations in paragraph 34 which are therefore denied.

*Mekus Samuel v. North West Company* Civil No. 13-CV- 0031
North West Company's Answer to Amended Complaint
Page 6

35. Defendant lacks knowledge as to the allegations in paragraph 35 which are therefore denied.

36. Defendant lacks knowledge as to the allegations in paragraph 36 which are therefore denied.

37. Defendant denies the allegations in paragraph 37.

38. Defendant admits that in July 2012 a memo intended as a coaching tool was provided to Plaintiff, admits that Gilpin visited the store in or about September 29, 2011 - October 4, 2011, denies that July 2012 was the first time that Plaintiff was informed his store was not up to Cost U Less standards, and lacks knowledge of the remainder of the allegations in paragraph 38 which are therefore denied.

39. Defendant denies that Plaintiff was not provided the proper resources to do his job as Store Manager and lacks knowledge of the remainder of the allegations in paragraph 39 which are therefore denied.

40. Defendant denies that Erica Osario had heard that Plaintiff had been terminated, admits that Erica Osario wrote in an email to Plaintiff in or about August 2012 stating "I have not gotten any reply from you can you please confirm that you are receiving my emails? Are you still the store manager?" and lacks knowledge as to the remainder of the allegations in paragraph 40 which are therefore denied.

41. Defendant lacks knowledge as to the allegations in paragraph 41 which are therefore denied.

42. Defendant admits that Kallio told Plaintiff that the store looked like a junk box,

*Mekus Samuel v. North West Company* Civil No. 13-CV- 0031
North West Company's Answer to Amended Complaint
Page 7

denies that Kallio falsely and insultingly criticized the store, admits that Kallio criticized Plaintiff for having gas cans and chafing fuel at the front of the store after the storm had passed and lacks knowledge as to the remainder of the allegations in paragraph 42 which are therefore denied.

43. Defendant admits that during Kallio's August 2012 visit to the St. Croix store that he requested to see the latest competitive shop and price audit report, but the price audit report could not be immediately found as it was not in the store and the August competitive shop eventually located was not complete, and lacks knowledge of the remainder of the allegations in paragraph 43 which are therefore denied.

44. Defendant denies that Plaintiff was told that the store did not meet some unspecified standard, and admits the remainder of the allegations in paragraph 44.

45. Defendant denies a pattern and practice of racial and national origin discrimination and creating a hostile work environment for black West Indian employees.

    a. Defendant admits that Michael Benson was a Regional Perishable Specialist, that Benson had a medical condition that the company was aware of that caused him to fall asleep, that his medical condition was treated, that the employee handbook lists sleeping on the job as a terminable offense and that Bensen was neither disciplined nor terminated for his medical condition but lacks knowledge as to the remainder of the

*Mekus Samuel v. North West Company* Civil No. 13-CV- 0031
North West Company's Answer to Amended Complaint
Page 8

                allegations in sub-paragraph 45(a) which are therefore denied.

    b.      Defendant denies all of the allegations in sub-paragraph 45(b).

    c.      Defendant admits that Portia Languedoc and Calvin Erskine were terminated for reasons including using profanity but lacks knowledge as to the remainder of the allegations in sub-paragraph 45(c) which are therefore denied.

    d.      Defendant admits that while Plaintiff was the store manager in St. Croix Allison Hesky was store manager in St. Thomas, but lacks knowledge as to what Plaintiff had occasion to witness which is therefore denied, and denies the remainder of the allegations in sub-paragraph 45(d).

    e.      Defendant denies all of the allegations in sub-paragraph 45(e).

46. Defendant denies the allegations in paragraph 46.

47. Defendant admits that Plaintiff appears to have eventually filed an EEOC charge signed April 25, 2013 after the filing of the original complaint in this lawsuit, April 2, 2013.

48. Defendant lacks knowledge as to the allegations in paragraph 48 which is therefore denied.

49. Defendant admits the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

## Count I

51. Defendant repeats and reavers the answers contained in paragraphs 1-50 above.

*Mekus Samuel v. North West Company* Civil No. 13-CV- 0031
North West Company's Answer to Amended Complaint
Page 9

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

## Count II

54. Defendant repeats and reavers the answers contained in paragraphs 1-53 above.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

## Count III

57. Defendant repeats and reavers the answers contained in paragraphs 1-56 above.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

## Count IV

60. Defendant repeats and reavers the answers contained in paragraphs 1-59 above.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

## Count V

64. Defendant repeats and reavers the answers contained in paragraphs 1-63 above.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

## Count VI

67. Defendant repeats and reavers the answers contained in paragraphs 1-66 above.

*Mekus Samuel v. North West Company* Civil No. 13-CV- 0031
North West Company's Answer to Amended Complaint
Page 10

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

## AFFIRMATIVE DEFENSES

**Affirmative Defense No. 1:** Plaintiff has failed to state a claim for some of or all of his claims.

**Affirmative Defense No. 2:** Plaintiff has failed to sufficiently plead a claim for defamation.

**Affirmative Defense No. 3:** Plaintiff's claims pursuant to some of the V.I. Civil Rights Acts are barred because the statutes do not provide for a private cause of action.

**Affirmative Defense No. 4:** Plaintiff has failed to exhaust his administrative remedies within the statutory time with respect to all or certain of his claims and therefore the Court lacks subject matter jurisdiction over this action.

**Affirmative Defense No. 5:** Plaintiff's claim may be barred because the action was brought too soon not providing administrative agencies sufficient opportunity to attempt conciliation.

**Affirmative Defense No. 6:** Some or all of plaintiff's claims are time barred.

**Affirmative Defense No. 7:** The Complaint fails to allege a claim for which punitive damages can be recovered.

**Affirmative Defense No. 8:** Plaintiff may have failed to mitigate his damages.

**Affirmative Defense No. 9:** Plaintiff has waived any right of action against this Defendant.

*Mekus Samuel v. North West Company* Civil No. 13-CV- 0031
North West Company's Answer to Amended Complaint
Page 11

**Affirmative Defense No. 10:** Defendant reserves the right to amend or to add any affirmative defense that becomes appropriate based on investigation and other discovery that may occur during the course of litigation.

**WHEREFORE**, Defendant prays for a dismissal of plaintiff's Complaint in all respects, for costs and fees incurred in defending this action, and for such other and future relief as the Court may deem just and proper.

Respectfully submitted,

**BRYANT BARNES & BLAIR LLP**
Attorneys for Defendant
1134 King Street, 2nd Floor
Christiansted, VI 00820
Tel: (340) 773-2785 / Fax: (340) 773-5427
lblair@bryantbarnes.com
V.I. Bar No. 773

DATED: June 27, 2013        By:        /s/   Linda J. Blair

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 27, 2013, I electronically filed the foregoing Answer to Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lee J. Rohn, Esquire
Lee Rohn & Associates
1101 King Street, 2nd Floor
Christiansted, V.I. 00820

/s/   Linda J. Blair